UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD WILLIAMS JR., | Case No. 1:25-cv-01420-EPG |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE |
| v. | |
| FBI et al., | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH A COURT ORDER. |
| Defendants. | |
| | (ECF Nos. 2, 3) |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Howard Williams Jr. is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No.1) On October 24, 2025, Plaintiff filed an application to proceed *in forma pauperis* (IFP) (ECF No. 2). On October 27, 2025, the Court ordered Plaintiff to supplement his *in forma pauperis* application because it was incomplete. (ECF No. 3).

Because Plaintiff failed to supplement his IFP application the Court recommends Plaintiff's case be dismissed for failure to comply with a Court Order.

### I. BACKGROUND

On October 24, 2025, along with his complaint, Plaintiff filed an application to proceed *in forma pauper.* On October 27, 2025, the Court reviewed the application and noted that Plaintiff's IFP application left many of the required questions unanswered. Plaintiff did not answer Question 1: "Are you currently incarcerated?" (ECF No. 2, p. 1). Nor did he provide an answer to Question

3: "In the past 12 twelve months have you received money from any of the following sources?" (Id.). Moreover, Plaintiff checks "No" on the standard form question that asks if Plaintiff is currently employed. (Id.). However, Plaintiff did not fill out the portion of the form asking the date of Plaintiff's last employment and Plaintiff's employer and pay information.

Plaintiff's employment status and potential earnings over the last twelve months needs to be accurately reported before the Court may determine whether Plaintiff is eligible to proceed IFP in this action. Because of this, the Court determined Plaintiff's IFP application was incomplete, and required Plaintiff to submit a supplemental IFP application within thirty days. (ECF No. 3, p. 2). The Court advised Plaintiff that failure to comply with the order may result in dismissal of the action. (*Id.*).

Plaintiff did not supplement his IFP application as directed and the deadline to do so has passed. Accordingly, the Court will recommend that this action be dismissed for failure to comply with a court order.

## II.   LEGAL STANDARDS

### a.   IFP

Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

In addition to filing an affidavit, a prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2).

Lastly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue."

\\\

**b. Failure to Comply with a Court Order**

Regarding when to dismiss an action for failure to comply with a Court order, the Court has provided the following guidance.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

**III.    ANALYSIS**

The Court recommends that this action be dismissed because Plaintiff failed to comply with a court order directing Plaintiff to supplement his application to proceed *in forma pauperis*.

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Plaintiff has failed to respond to the Court's order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction

while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's attempt at *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Lastly, because the dismissal being recommended in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal is appropriate.

## IV.    CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court is respectfully directed to assign a District Judge to this case.

And for the reasons given above, IT IS RECOMMENDED as follows:

1.  This action be dismissed, without prejudice, for failure to comply with a court order;

2.  The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __December 22, 2025__                /s/ *Erica P. Grosjean*

                                              UNITED STATES MAGISTRATE JUDGE