UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD WILLIAMS JR., | Case No. 1:25-cv-01420-JLT-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM; DIRECTING THE CLERK OF COURT TO CLOSE THE CASE |
| v. | |
| FBI, et al. | |
| Defendants. | (ECF No. 23). |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Howard Williams Jr.  ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. (ECF Nos. 2, 4). Plaintiff filed the Complaint commencing this action on October 24, 2025. (ECF No. 1). Plaintiff filed a First Amended Complaint on January 22, 2026. (ECF No. 17). On April 2, 2026, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims.

Plaintiff filed a second amended complaint (SAC) on April 14, 2026, which is before the Court for screening. (ECF No. 23).  Plaintiff's SAC names Dextor Banks and Ashely Banks as defendants and claims they are "FBI/CIA Agents."  He appears to assert that they forcibly implanted a brain chip in him.

Upon review, the Court will recommend that Plaintiff's second amended complaint be

1

dismissed for failure to state a claim without leave to amend.

## I.    SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 3). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    BACKGROUND

### A.    Plaintiff's First Amended Complaint and Screening Order

Plaintiff filed his first amended complaint ("FAC") on January 22, 2026. (ECF No. 17). Plaintiff's first amended complaint was seventeen pages long and included a list of numerous "causes of action," including violations of Plaintiff's constitutional rights, California penal code sections, the Bane Act, and various other claims that were difficult to decipher. Plaintiff named four defendants in his first amended complaint: FBI; CIA; Dextor Banks; and Ashley Banks. (ECF No. 17).

Plaintiff stated   he was forced to have a subcutaneous identification device implanted (ECF No. 17 at 2). Additionally, Plaintiff stated, "Catscan mri xray. 3mm to the globe proof of negligence. Foreign object, patient suffered measurable harm." (*Id.*). Plaintiff's FAC attached various exhibits, including a medical report from a medical doctor that stated Plaintiff has a "right optic nerve sheath complex small calcification approximately 3mm poster to the globe." (*Id.* at 8). The report stated the calcification is "non-specific and often incidental[,]" and "[l]ess likely considerations include a calcified tumor, metabolic calcification such as in hyperparathyroidism, or sequela of remote trauma or infection."  *Id.* at p. 8.  Plaintiff handwrote a note next to this statement, "FBI/CIA proof of injury." (*Id.*)

On April 2, 2026, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. The Court provided Plaintiff with leave to file a second amended complaint or to notify the Court that he wants to stand on his initial complaint. (ECF No. 23). Additionally, the screening order provided Plaintiff with the appropriate legal standards. (*Id.*).

**B.   Plaintiff's Second Amended Complaint**

Plaintiff filed a second amended complaint ("SAC") on April 14, 2026. (ECF No. 23). Plaintiff names two defendants: Dextor Banks, FBI/CIA agent/neurosurgeon and Ashley Banks, FBI/CIA receptionist.

As an initial matter, Plaintiff's second amended complaint is 97 pages long. It attaches various documents, ranging from documents providing legal elements to various statutes, to documents describing brain implants, and finally to documents of Plaintiff's medical records, which describe a retention cyst. (ECF No. 23).

Plaintiff's claims in the second amended complaint are largely identical to his claims in the first amended complaint.  Plaintiff states "Forced Brain Chip" and cites various legal sections and statements of law such as "Bane Act Civil 52.1," "Mental integrity, cognitive liberty."  (ECF No. 23, at p. 5).  Plaintiff's SAC also stated "forced brain chip injury discovered during MRI 2025 October  physically harmed while incapacitated.  Illegal ghost surgery."  (ECF No. 23, a tp. 5).

Plaintiff's SAC does not include any statement of facts or explanation of claims..

**III.   ANALYSIS OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

**A.  Lack of Short and Plain Statement**

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id*. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

The Court finds that Plaintiff's Second Amended Complaint does not state a claim because it does not include a short and plain statement of the claim showing that Plaintiff is entitled to relief as required by Rule 8.

Plaintiff's Second Amended Complaint asserts numerous causes of action without any supporting factual allegations. It does not contain any statements of facts or description of what Defendants did or failed to do to him.  Nor does it describe what factual allegations support what claims.  Plaintiff lists Dextor and Ashley Banks as Defendants but provides no allegations about what they did or failed to do that relate to Plaintiff's claims. Additionally, Plaintiff does not explain what constitutional right he believes was violated. While Plaintiff lists various claims throughout, such as California Civil Code, California Penal Code, civil rights statutes, and constitutional violations, he provides no support for these claims.

In short, Plaintiff's Second Amended Complaint is subject to dismissal for not containing a short and plain statement of the claim as required by Rule 8.

## IV.    CONCLUSION AND RECOMMENDATIONS

For these reasons, the Court recommends that this action be dismissed with prejudice for failure to state a claim.  The Court screened Plaintiff's first amended complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff an opportunity to amend his complaint. Thus, it appears that further leave to amend would be futile.

Accordingly, IT IS RECOMMENDED that:

1.     This case be dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

2.     The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 17, 2026**                         /s/ *Erica P. Grosjean*
                                                  UNITED STATES MAGISTRATE JUDGE